IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WILLIE RAYMOND MASON,         )
                              )
    Plaintiff,                )
                              )
v.                            ) CV 106-162
                              )
GARY WARRENT, et al.,         )
                              )
    Defendants.               )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.   BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. In his complaint, Plaintiff names as Defendants: Gary Warrent, Ms. Sandy, and Brett Carani, Captain. (Doc. no. 1, p. 1). In August 2006, Defendant Sandy informed Plaintiff that

because he had human immunodeficiency virus ("HIV"), he could no longer cut hair. (Id. at 5). Later that evening, Plaintiff claims that he shared a cigarette with another inmate. (Id.). As a result of his sharing the cigarette, Jailor Adam Fuller wrote up an incident report, of which Plaintiff was later found guilty, and Plaintiff was placed in segregation for six days. (Id.). Plaintiff states that the medical staff never told him, either verbally or in writing, that he could not share a cigarette with anyone. (Id.). Following the expiration of these six days, Plaintiff claims that Defendants Warrant and Sandy placed him in segregation for another 25 days "for racial discrimination." (Id.). He further states that his request to see a doctor was denied, and Defendant Warrent "was lying about Captain Brett Carani about putting [Plaintiff] in segregation." (Id.). As such, Plaintiff asserts that he has a claim for racial discrimination, "medical discrimination," illegal segregation, and deliberate indifference to a serious medical need. (Id. at 5-6).[1]

## II. DISCUSSION

### A. Discrimination Based On Race

First, Plaintiff contends that he was discriminated against on the basis of his race. To state a valid Equal Protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment

---

[1] The Court notes that Plaintiff requests, as relief, that the Court "help [him] make a lawsuit" for his claims. As noted above, although the Court will liberally construe Plaintiff's complaint by virtue of Plaintiff's *pro se* status, see Haines, 404 U.S. at 520-21, the Court's function is not to assist Plaintiff in making a claim against Defendants. Because Plaintiff does not request any other types of relief (i.e. damages or preliminary injunction), the Court can arguably recommend dismissal of Plaintiff's complaint because Plaintiff does not seek any viable forms of relief. However, in the abundance of caution and in the interest of justice, the Court will review Plaintiff's claims.

2

is based upon a constitutionally impermissible basis, such as race. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)(*per curiam*). Here, Plaintiff has failed to indicate that he was treated differently than other "similarly situated" inmates. In his complaint, the only statement that Plaintiff made about his being discriminated against on the basis of his race was that Defendants Warrent and Sandy held him in medical segregation for 25 days for "racial discrimination." This allegation is insufficient to demonstrate that Plaintiff was treated differently than other similarly situated inmates.

Likewise, Plaintiff has not alleged that any Defendant acted with a discriminatory intent toward him by placing him in medical segregation.[2] See Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation). Thus, Plaintiff is not entitled to relief on this claim.

**B.    Segregation Based on HIV status**

Next, it appears that Plaintiff contends that he was discriminated against on the basis of his HIV status when he was placed in medical segregation. However, Plaintiff's claim does not form a basis for relief. In Harris v. Thigpen, the Eleventh Circuit held that, in the absence of any other allegations, the involuntary placement of HIV prisoners in separate HIV dorms does not violate the prisoners' constitutional rights. Harris, 941 F.2d 1495, 1521 (11th Cir. 1991). Further, any encroachment this segregation had on the privacy rights of inmates with HIV was reasonable in light of the "inmate interests at stake (both [HIV] and

---

[2] To the extent Plaintiff contends that he was discriminated against on the basis of his HIV status, that allegation is discussed in Part II, B & C.

3

general population), and the difficult decisions that the [Department of Corrections] must make in determining how best to treat and control . . . the spread of a communicable, incurable, always fatal disease." Id. Therefore, placing Defendant in segregation due to his HIV status was not unconstitutional, and Plaintiff has failed to state a claim upon which relief can be granted for illegal segregation.

C.     **Cutting Hair and Sharing Cigarettes**

Plaintiff also appears to argue that his constitutional rights were violated when he was not allowed to cut people's hair or share a cigarette with another inmate. However, being able to cut hair or share a cigarette with another inmate, by themselves, do not implicate a federal right. As such, Plaintiff's constitutional rights were not violated when he was told that he could no longer cut hair or share a cigarette with another inmate. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (noting that a plaintiff must show that he or she was *deprived of a federal right* by a person acting under color of state law in order to prevail on a civil rights action under § 1983 (emphasis added)). Further, to the extent that Plaintiff attempts to argue that he was not allowed to share a cigarette as a result of discrimination based on his HIV status, Plaintiff failed to allege that any of the named Defendants contributed to his being placed in segregation for six days for sharing the cigarette. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (noting that a plaintiff must allege an affirmative causal connection between a defendant and an alleged constitutional violation in order to obtain relief). Plaintiff also failed to allege that he was treated differently than other similarly situated individuals who tried to share a cigarette with other inmates. See Jones, 279 F.3d at 946-47.

4

To the extent that Plaintiff attempts to base a discrimination claim on an inability to cut hair because of his HIV status, Plaintiff's argument is equally without merit, as the Eleventh Circuit has ruled that prisons are not required to allow HIV infected inmates to participate in programs with non-HIV infected inmates. In Onishea v. Hopper, the Eleventh Circuit affirmed the district court's ruling that the plaintiffs, who were HIV positive, were not "otherwise qualified," under § 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794, to participate in prison programs, such as inmate barber jobs, because conduct that "present[s] a significant risk of transmitting the deadly HIV virus" is likely to occur if the programs were integrated, and because of the "catastrophic severity of the consequences if such conduct does occur." Onishea, 171 F.3d 1289, 1295 (11th Cir. 1999). Thus, Plaintiff has failed to state a claim for which relief can be granted.

### D.   Defendant Carani

In his complaint, the only allegation that Plaintiff made against Defendant Carani was that Defendant Warrent lied about Defendant Carani's placing Plaintiff in segregation. However, Plaintiff does not provide sufficient allegations that Defendant Carani violated Plaintiff's constitutional rights. Specifically, Plaintiff does not indicate what Defendant Carani did to violate Plaintiff's constitutional rights. See Zatler, 802 F.2d at 401 (noting that a plaintiff must allege an affirmative causal connection between a defendant and an alleged constitutional violation in order to obtain relief). Further, as noted above, Plaintiff has not alleged facts that establish that either of the times he was placed in segregation violated his constitutional rights. Therefore, Plaintiff has failed to state a claim for which relief can be

granted against Defendant Carani, and thus, the Court recommends that Defendant Carani be **DISMISSED** from this case.

E.     **Deliberate Indifference**

Plaintiff also appears to allege that Defendants were deliberately indifferent to his medical needs when his request for a doctor was denied. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105.

In order to succeed on a medical indifference claim, a plaintiff must satisfy both an objective and a subjective component. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

Here, although Plaintiff has arguably established the objective component for a deliberate indifference claim by virtue of his HIV status and the medical care that

HIV-positive patients need, Plaintiff has failed to meet the subjective component. Specifically, Plaintiff failed to identify the person who denied his request to see a doctor, or indicate that this person knew that Plaintiff needed medical care, but intentionally refused to provide it. See Hill, 40 F.3d at 1186; see also Zatler, 802 F.2d at 401 (noting that a plaintiff must allege an affirmative causal connection between a defendant and an alleged constitutional violation in order to obtain relief). Therefore, Plaintiff has failed to state a claim upon which relief can be granted for deliberate indifference to a serious medical need.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE